UNITED STATES of America, Plaintiff–Appellee,

v.

Roberto Solis MANRIQUEZ, Defendant–Appellant.

No. 03–41392. Conference Calendar

United States Court of Appeals, Fifth Circuit.

April 21, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Richard Bruce Gould, Samy K. Khalil, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM.*

Roberto Solis Manriquez pleaded guilty to one charge of importing 5,147 grams of cocaine, and the district court sentenced him to 46 months in prison and a three-year term of supervised release. Manriquez now appeals his conviction and sentence. He argues that the statutes of conviction, 21 U.S.C. §§ 952 and 960, are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Manriquez acknowledges that his argument is foreclosed by *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000), and he raises the issue only to preserve it for review in the Supreme Court.

*Slaughter* applies by analogy to the instant case because the statutes at issue are similar in structure and content. One panel of this court may not overrule another. *United States v. Fowler*, 216 F.3d 459, 460 (5th Cir.2000). Consequently, Manriquez's arguments are, as he concedes, foreclosed by *Slaughter*. The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.